UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FENF, LLC,

        Plaintiffs,

v.

YOGABODY NATURALS, LLC,

        Defendant.

Case No. 16-13483

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

_____/

**ORDER VACATING ORDER TO SHOW CAUSE [12]; REINSTATING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [9]; GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; CLOSING THE CASE**

Plaintiff FenF, LLC, filed a Complaint [1] on September 26, 2016 against Defendant Yogabody Naturals, LLC, alleging federal trademark infringement of the U.S. Trademark Registration Nos. 3,253,636 ("the 636 registration")[1] and 3,430,215 ("the 215 registration")[2] in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114, unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and false advertising, in violation of 15 U.S.C. § 1125. Since the commencement of this lawsuit, it does not appear that Defendant

---

[1] This registration number belongs to the mark "YOGA TOES," which was registered on June 19, 2007.

[2] This registration number belongs to the mark "YOGATOES," which was registered on May 20, 2008.

has retained counsel; no Notice of Appearance by an attorney has been filed, nor has Defendant attempted to participate in the proceedings in any way.[3]

Plaintiff requested, and was granted, Clerk's Entry of Default on January 9, 2017 [7, 8]. *See* Fed. R. Civ. P. 55(a). Plaintiff moved for Default Judgment [9] on March 6, 2017, seeking 1) injunctive relief pursuant to 15 U.S.C. § 1116(a), (2) reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a), and (3) costs pursuant to Fed. R. Civ. P. 54(d)(1).

On June 26, 2017, the Court entered an Order Denying the Motion for Default Judgment Without Prejudice and Directing Plaintiff to Show Cause Why the Case Should Not Be Dismissed for Failure to State a Claim Pursuant to Rule 12(b)(6) [12]. In its Response [13], filed as directed on July 26, 2017, Plaintiff sufficiently explained why its complaint met the pleading requirements as set forth by Fed. R. Civ. P. 12(b)(6). Specifically, Plaintiff has provided an adequate factual basis to allege a likelihood of confusion between the two marks. To that end, and for the reasons discussed below, the Court will **VACATE** its Order to Show Cause. Plaintiff's Motion for Default Judgment is **REINSTATED** and **GRANTED.**

---

[3] Counsel for Plaintiff has been in touch with Lucas Rockwood, CEO of Yogabody. According to the email chain attached to Plaintiff's Motion for Default Judgment, it appears that Mr. Rockwood knows about this case. *See* Dkt. 9-2.

## ANALYSIS

Defendants have failed to appear or otherwise plead in this action. Because a Clerk's Entry of Default was requested and entered, Plaintiff's well-pleaded allegations are deemed admitted. *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006).

FenF and YogaBody both sell toe separators, devices designed to stretch and straighten the toes. FenF's products are named YogaToes®. FenF has used this trade name in connection with its products since at least December 10, 2002. It owns, by assignment, the marks for "YOGA TOES" and "YOGATOES." Yogabody's product is named "Awesome Toes!"

Plaintiff sets forth the following counts in the complaint:

- Count I: Infringement of the '636 Registration
- Count II: Infringement of the '215 Registration
- Count III: Unfair Competition
- Count IV: False Advertising

Claims for trademark infringement under 15 U.S.C. § 1114 and claims for unfair competition and false advertising under 15 U.S.C. § 1125 are examined using the same factors, with the likelihood of confusion between the two marks being the essence of the claims. *See Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006) (explaining that the same test is used to determine "whether there has been trademark infringement [and] unfair competition . . . the likelihood of confusion between the two marks."); *Ford Motor Co.*, 441 F.Supp.2d at 851 (in a

case in which plaintiff alleged false advertising and trademark infringement, the test for both claims was "whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties.") (citing *AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, 791-92 (6th Cir. 2004)). The likelihood of confusion analysis directs the Court to evaluate the following eight factors:

> (1) strength of the senior mark; (2) relatedness of the goods or services; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) the intent of defendant in selecting the mark; and (8) likelihood of expansion of the product lines.

*Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center*, 109 F.3d 275, 280 (6th Cir. 1997).

The facts in the complaint establish the elements of claims for infringement, unfair competition, and false advertising. The "YOGA TOES" mark was registered in 2007 and the "YOGATOES" mark was registered in 2008. These trademarks are incontestable, and thus get the benefit of "the strength accorded to a descriptive mark with a secondary meaning." *Id.* at 282. Plaintiff has used the YogaToes® trade name in interstate commerce in connection with its efforts to advertise, market, and promote its products. The YogaToes® trade name has acquired value and name-brand recognition as a result of continual and substantial advertising, promotion, and interstate commercial activity related to the YogaToes® products. Defendant is intentionally using the YogaToes® mark without permission from

Plaintiff. Given that Plaintiff and Defendant manufacture the same products – corrective toe spacers and separators – Defendant's improper use constitutes trademark infringement and is likely to confuse and mislead consumers. *See id.* at 283 ("some potential consumers of one party could fulfill their needs by buying instead from the other party."). Furthermore, both Plaintiff and Defendant use similar marketing channels – specifically, Internet platforms – to sell their products. Defendant's unfair competition has caused, and will continue to cause, damage to Plaintiff's business, reputation, profits, and the strength of the YogaToes® marks. Finally, Defendant has knowingly and falsely represented that its Awesome Toes! product is made with latex-free, natural silicone.

In sum, based on the factual allegations in the complaint and Plaintiff's response to the show cause order, the Court finds that Defendant's actions constitute trademark infringement, unfair competition, and false advertising. Plaintiff is therefore entitled to default judgment.

Plaintiff requests the Court enter a judgment showing that it is entitled to:

(1) Injunctive relief pursuant to 15 U.S.C. § 1116(a);
(2) Reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and
(3) Costs pursuant to Fed. R. Civ. P. 54(d)(1).

### A. Injunctive Relief

The Court may grant injunctive relief to prevent future violations of the Lanham Act. *See* 15 U.S.C. § 1116(a). Plaintiff must demonstrate: (1) it has

suffered irreparable injury, (2) there is no adequate remedy at law, "that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted," and (3) that it is in the public's interest to issue the injunction. *Audi AG*, 469 F.3d at 550 (quoting *eBay Inc., et al. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Sixth Circuit law "holds that no particular finding of likelihood of . . . irreparable harm is necessary for injunctive relief in trademark infringement or unfair competition cases." *Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1056 (6th Cir. 1999). Irreparable injury "ordinarily follows when a likelihood of confusion or possible risk to reputation appears" from infringement or unfair competition. *Id.*

The Court finds that Plaintiff has suffered an irreparable injury: there is a likelihood of confusion in the marketplace between the "Yoga Toes" and "Awesome Toes" products. The potential for future harm means that there is "no adequate remedy at law." *Audi AG*, 469 F.3d at 550. In addition, "it does not appear Defendant would face any hardship in restraining from trademark infringement while Plaintiff faces the possibility of the loss of good will" and risk to its reputation. *American Auto. Ass'n v. Dickerson*, 995 F.Supp.2d 753, 758 (E.D. Mich. 2014). Lastly, preventing customer confusion is in the public's interest. *Audi AG*, 469 F.3d at 550.

> Plaintiff requests entry of a permanent injunction that enjoins
>
> Yogabody and its officers, directors, agents, servants, employees, successors, assigns, and persons in active concert or participation with Yogabody from further acts of trademark infringement and unfair competition against FenF's "YOGA TOES" and "YOGATOES" marks.

Dkt. 9 at 12.

This language does not conform with Fed. R. Civ. P. 65(d), which requires that an injunction be "specific in its terms" and that it "describe in reasonable detail . . . the act or acts sought to be restrained." Plaintiff is therefore advised to submit a proposed order setting forth exactly what Defendant and its affiliates are permanently enjoined and restrained from doing. *See Innovation Ventures, LLC. v. Martoon LLC*, No. 08-15331, 2011 WL 1058915, at *3-4 (E.D. Mich. Feb. 28, 2011), *report and recommendation adopted by* 2011 WL 995899 (E.D. Mich. Mar. 21, 2011).

## B. Attorney Fees and Costs

Under the Lanham Act, the Court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Courts in this district have found cases to be exceptional – and deserving of attorney fees – where the defendant willfully infringed on a plaintiff's trademark. *See, e.g.*, *Microsoft Corp. v. Compusource Distributors, Inc.*, 115 F.Supp.2d 800, 812 (E.D. Mich. 2000); *Ford Motor Co.*, 441 F.Supp.2d at 854. The Sixth Circuit has similarly recognized that "exceptional cases . . . include cases of willful

infringement." *Taylor v. Thomas*, 624 Fed. Appx. 322, 328 (6th Cir. 2015) (internal quotations omitted).

Defendant has failed to answer the complaint or enter any pleading in this matter. Because Plaintiff has received an entry of default, Defendant is deemed to have admitted the willful violations alleged in the complaint. *See Ford Motor Co.*, 441 F.Supp.2d at 846.

In support of its request for attorney fees, Plaintiff has submitted the sworn declaration of its counsel, Richard W. Hoffmann, along with time records depicting the hours spent on this case. *See* Dkt. 10. Mr. Hoffman and co-counsel Michael Druzinski, both shareholders at Reising Ethington, PC, collaborated on this case. Mr. Hoffmann has nearly 30 years of experience in intellectual property litigation. His normal hourly rate was $400 in 2016 and $425 in 2017. Mr. Druzinski's normal hourly rate was $315 in 2016. Counsel submits that the work they performed on this case is valued at $15,413.00, excluding costs and expenses.

Plaintiff also seeks costs in the amount of $588.40. After reviewing the records attached to counsel's declaration, the Court is unable to discern what this sum pertains to. Plaintiff may file additional documentation clarifying its request for the $588.40.

CONCLUSION

Accordingly,

**IT IS ORDERED** that the Order Denying the Motion for Default Judgment Without Prejudice and Directing Plaintiff to Show Cause Why the Case Should Not Be Dismissed for Failure to State a Claim Pursuant to Rule 12(b)(6) [12] is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [9] is **REINSTATED** and **GRANTED**. Plaintiff should submit a proposed order by **November 17, 2017** that specifically outlines the scope of the permanent injunction and explains what Defendant is restrained and enjoined from doing.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to attorney fees in the amount of $15,413.00. The Court declines to award the $588.40 in costs at this time. The Court may award this amount at a later time, provided that Plaintiff files documentation by **November 17, 2017**, that clearly explains the purpose of these costs and the calculation of this number.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: October 26, 2017    Senior United States District Judge