UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FENF, LLC, | Case No. 16-13483 |
| Plaintiff | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| YOGABODY NATURALS, LLC, | U.S. MAGISTRATE JUDGE |
| | MONA K. MAJZOUB |
| Defendant. | |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CONTEMPT [19]**

Plaintiff FenF, LLC, filed a Complaint [1] on September 26, 2016 against Defendant Yogabody Naturals, LLC, alleging federal trademark infringement of the U.S. Trademark Registration Nos. 3,253,636 ("the 636 registration")[1] and 3,430,215 ("the 215 registration")[2] in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114, unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and false advertising, in violation of 15 U.S.C. § 1125. Since the commencement of this lawsuit, Defendant has neither retained counsel nor attempted to participate in the proceedings in any way.

---

[1] This registration number belongs to the mark "YOGA TOES," which was registered on June 19, 2007.

[2] This registration number belongs to the mark "YOGATOES," which was registered on May 20, 2008.

Plaintiff requested, and was granted, Clerk's Entry of Default on January 9, 2017 [7, 8]. *See* Fed. R. Civ. P. 55(a). Plaintiff moved for Default Judgment [9] on March 6, 2017, seeking 1) injunctive relief pursuant to 15 U.S.C. § 1116(a), (2) reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a), and (3) costs pursuant to Fed. R. Civ. P. 54(d)(1).

On October 26, 2017, the Court entered an Order Reinstating and Granting the Motion for Default Judgment and Closing the Case [14]. Approximately one month later, the Court entered a Permanent Injunction Order [16] against Defendant. That Order states:

> Pursuant to Fed. R. Civ. P. 65, Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant who receive actual notice of this Permanent Injunction, by personal service or otherwise, are permanently enjoined and restrained from:
>
> (1) using the term Yoga Toes as all or part of a name or caption in connection with the sale or advertising of toe stretchers;
>
> (2) imitating, copying, or making any unauthorized use of the YOGA TOES® or YOGATOES® Trademarks;
>
> (3) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of either of the YOGA TOES® or YOGATOES® Trademarks;
>
> (4) using any simulation, reproduction, counterfeit, copy or colorable imitation of the YOGA TOES® or YOGATOES® Trademarks in connection with the promotion, advertisement, display, sale, offer for sale,

> manufacture, production, circulation or distribution of any product or service; and
>
> (5) using any false designation of origin or false description (including, without limitation, any letters, symbols, or designs constituting the YOGA TOES® or YOGATOES® Trademarks) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendant are in any manner associated or connected with FenF, LLC, the YOGATOES® brand, or the of the YOGA TOES® or YOGATOES® Trademarks, or is sold, manufactured, licensed, sponsored approved or authorized by FenF, LLC.

On November 29, 2017, Plaintiff's counsel, Richard W. Hoffmann, mailed copies of the Court's Default Judgment and Permanent Injunction Orders to Defendant's registered agent. He also emailed copies of those documents to Defendant's CEO, Lucas Rockwood. *See* Dkt. 20-2. In response, Defendant informed Mr. Hoffmann via letter that it was "unable to accept [the Court's] judgment" and that it planned to "proceed to vacate." *See* Dkt. 20-3. Several days later, Mr. Hoffmann informed Defendant that it was in violation of the Permanent Injunction Order by way of a number of statements on its Amazon listing, such as the exchange listed below:

> Question [from a customer]: I would like to know if I could order Yoga toe spreaders size large, Amazon doesn't give you options.
>
> Answer:
>
> Hi Edith,

> Thank you for writing. As of the moment we only have medium and small size on our package. You can purchase those and contact us thru amazon to process a large one for you.
> Let me know if I can help you with anything else.
> By YOGABODY Naturals LLC. SELLER on August 12, 2016

(Dkt. 20-4).

On December 11, 2017, Ignacio Briones, Defendant's Financial Controller, told Mr. Hoffmann that Defendant had previously asked Amazon to remove the above-answered question from its Amazon listing. Mr. Briones agreed to contact Amazon "a second time as a final courtesy." (Dkt. 20-5). Mr. Hoffmann asked Mr. Briones to provide documentation showing its contact with Amazon or to otherwise comply with the Permanent Injunction Order.

On December 22, 2017, Mr. Briones told Mr. Hoffmann that Defendant had added a "disclaimer" to the answered question on its Amazon listing. (Dkt. 20-7).

Mr. Hoffmann examined Defendant's Amazon page on January 19, 2018. He found at least 31 customer reviews of Defendant's product that include the terms "yoga toes" or "YogaToes." Defendant responded by thanking these customers. *See* Dkt. 20-8. It did not inform the customers that its products are not associated with Plaintiff's brand products or its registered marks.

Plaintiff filed the Motion for Contempt [19] and a Declaration [20] from Mr. Hoffmann on February 2, 2018. In light of the fact that Defendant continues to cause harm to Plaintiff, and because Defendant has not paid the $16,001.40 in

attorney's fees and costs that it owes to Plaintiff, Plaintiff asks the Court to hold Defendant in contempt.

**ANALYSIS**

Federal Rule of Civil Procedure 70(e) allows the Court to "hold a disobedient body in contempt" when it fails to comply with the Court's orders. "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). That said, "courts must exercise the contempt sanction with caution and use '[t]he least possible power adequate to the end proposed.'" *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 799 (6th Cir. 2017), *reh'g denied* (Dec. 21, 2017) (quoting *United States v. Wilson*, 421 U.S. 309, 319 (1975)).

Plaintiff – as the party seeking civil contempt sanctions – bears a heavy burden: it "must demonstrate by clear and convincing evidence that [Defendant] knowingly 'violated a definite and specific order of the court.'" *Id.* at 800 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). "The 'definite and specific' requirement guards against arbitrary exercises of the contempt power" and ensures that it is "reserved for those who 'fully understand' the meaning of a court order and yet 'choose to ignore its mandate.'" *Id.* (quoting *Int'l Longshoremen's Ass'n, Local 1291 v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967). "[A]mbiguities must be resolved in favor of persons charged with

contempt." *Grace v. Center for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996) (citing *NBA Properties, Inc. v. Gold*, 895 F.2d 30, 32 (1st Cir. 1990)).

Plaintiff argues that, by allowing customer reviews that include use of the terms "yoga toes" and "YogaToes" to remain on its online store and Amazon.com listing, Defendant is perpetuating customer confusion and violating the Permanent Injunction Order.

Plaintiff's points are well taken. However, keeping in mind the principle that "[c]ontempt is a measure of last resort, not first resort[,]" *Gascho*, 875 F.3d at 799-800, it would be inappropriate to hold Defendant in contempt at this time. Instead, the Court will modify the Permanent Injunction Order in such a way that puts Defendant on clear notice that it must control, and is responsible for, the full content of its Amazon.com listing, including its customer reviews. *See Stryker Corp. v. Davol, Inc.*, 75 F.Supp. 2d 741, 743 (W.D. Mich. 1999) (explaining that "the Court has broad discretion to determine how best to enforce its injunction.") (citing *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1349 (Fed. Cir. 1998)). Plaintiff is invited to submit a proposed order that clearly and specifically explains: 1) that Defendant is responsible for the customer reviews on its Amazon.com posting; 2) the manner in which Defendant should respond to customer reviews that refer to Defendant's product using the term, or

any variation of the term, "Yoga Toes."; and 3) if Defendant fails to comply with the modified Permanent Injunction Order, an appropriate sanction will be granted.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Contempt [19] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff may submit a proposed order, as described above, by **June 15, 2018**.

**IT IS FURTHER ORDERED** that the Permanent Injunction Order [16] will be modified, subject to the Court's approval of Plaintiff's proposed order.

**SO ORDERED**.

                                              s/Arthur J. Tarnow
                                              Arthur J. Tarnow
Dated: May 30, 2018                Senior United States District Judge